Central Ohio Ins. Co. v. The Lake Erie Provision Co.

*Geo. E. Schroth*, for the State.

---

## AGENCY.

[Lucas Circuit Court, January Term, 1896.]

Haynes, Scribner and King, JJ.

### CENTRAL OHIO INS. CO. v. LAKE ERIE PROVISION CO.

CONSTRUCTION OF SECTION 3644, REVISED STATUTES.

Where an insurance agent makes application to another insurance agent, to procure insurance in his compnay: *Held*, that under a true construction of sec. 3644, Rev. Stat. both agents are to be considered as the agents of the company.

HAYNES, J.

This was an action brought by the Lake Erie Provision Company upon a policy of insurance for a loss that occurred.

The case proceeded to a trial in the common pleas and a verdict was rendered against the insurance company. To reverse that verdict the Insurance Company prosecute this petition in error. The main ground that is set forth as a matter of error is, that the court erred in charging the jury in regard to an agency. It appears from the testimony that the Central Insurance Company was doing business in this city. The Provision Company was organized, I believe, in Cleveland. It appears that

a certain insurance broker in Cleveland made application to the Provision Company to do all of its insurance, representing to them that he could do it better than they could; that it would be better for them to have it done all through one broker and put into various companies; that he would prepare for them a special policy of insurance which would better protect and preserve their rights, and that, for these various reasons, they had better do all their insurance with him; and thereupon they agreed to do so, and he shortly afterwards placed insurance upon their property in one company and another as he could make the applications. Some of these insurance companies afterwards cancelled their policies. It so happened that one company cancelled its policy where the Provision Company had paid the premium on the policy to the broker. Thereupon he undertook to place the insurance in another company and he finally wrote to a broker in Chicago in regard to the matter and sent his application there, and he made an application to the plaintiff in error here—to an agent it had in Chicago—and it placed the insurance and issued the policy.

The court charged the jury that this payment which had been made to the agent at Cleveland was a payment to the Insurance Company in fact—that is to say, that the agent at Cleveland was the agent of the Insurance Company, and that a payment to that agent was a payment to the Insurance Company. It is claimed here that the court erred in so charging.

We think that the court of common pleas did not err.

Section 3644, Rev. Stat. provides: "A person who solicits insurance and procures the application therefor, shall be held to be the agent of the party hereafter issuing the policy upon such application, or a renewal thereof, anything in the application or policy to the contrary notwithstanding."

Now, this application was made by the insurance agent in Cleveland, through another broker acting for him in Chicago. The only question, under the statute, would be whether or not, as he employed the second party, or another insurance broker, that would still leave him as agent of the company. But we think that the true construction of the statute is, that the first broker would be the agent of the Insurance Company. The statute is a wise one, and should be so constructed as to protect the interests of the person who is insured. To give it any other construction would make the person who is insured subject to a great many dangers of losing his insurance. It would be a very easy matter to avoid the statute and get around it, if the agents were allowed to employ other agents or brokers and have the courts hold that the second broker is the only agent of the Insurance Company. We think the true construction is, to hold the second broker the agent of the first broker, and the application made to the Insurance Company to be the same as if made to the first broker. The judgment of the court of common pleas will therefore be affirmed.

*Chittenden & Chittenden,* for Plaintiff in Error.

*J. K. Hamilton,* for Defendant in Error